UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| RAY A. KIRT | * | CIVIL ACTION NO. 6:13-CV-00580 |
| VERSUS | * | JUDGE DOHERTY |
| JERONE J. LAFARGUE, ET AL. | * | MAGISTRATE JUDGE HILL |

REPORT AND RECOMMENDATION

Pending before the court is the Motion for Summary Judgment filed by Alex Romero, Sr. and his wife Hazel Romero.[1] [rec. doc. 24]. The defendants' Motion is unopposed by the plaintiff.[2] The Motion is partly based on a lack of subject matter jurisdiction for want of complete diversity between the parties. Accordingly, the District Court referred the matter to the undersigned for review. [rec. doc. 27].

For the reasons set out below, it is recommended that the defendants' Motion for Summary Judgment [rec. doc. 24] be construed as a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, and that the Motion, as construed, be

---

[1]A Motion for Summary Judgment has also been filed by defendant Jeron J. LaFargue. [rec. doc. 11]. Given that the undersigned finds that this Court lacks subject matter jurisdiction over this action, the Court cannot address the merits of that Motion. *See Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001) ("The court should consider the Rule 12(b)(1) jurisdictional attack before addressing any attack on the merits.").

[2]The delay allowed for the filing of an opposition has expired.  L.R. 7.5 requires that written opposition to a motion be filed within twenty-one (21) days after service of the motion.

**GRANTED**, and accordingly, this lawsuit be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

## PROCEDURAL HISTORY

Proceeding *pro se*, plaintiff, Ray A. Kirt ("Kirt"), filed the instant lawsuit in this Court alleging diversity of citizenship as the basis for this Court's jurisdiction. In his complaint, Kirt states that he resides in the Federal Correctional Institute ("FCI") in Seagoville, Texas. Kirt names Jeron J. LaFargue ("LaFargue"), a resident and domiciliary of Lafayette Parish, Louisiana, and Alex Romero, Sr. and his wife Hazel Romero ("the Romeros"), residents and domiciliaries of Lafayette Parish, Louisiana, as defendants. Kirt further alleges that he has suffered damages in excess of $75,000.00, the necessary amount to establish diversity jurisdiction. [rec. doc. 1, ¶ 1-3 and 5].

Kirt sets forth the following claims: (1) that the Romeros breached a contract of sale of real property between himself and the Romeros, (2) that LaFargue, attorney for the Romeros, committed fraud, extortion, and intentional infliction of emotional distress against Kirt by sending threatening letters to Kirt's attorney, (3) that actions by LaFargue constituted misconduct that caused Kirt personal injury, and (4) that the Romeros have been unjustly enriched as the result of their retention of the real property that was the subject of the previously mentioned contract of sale. [rec. doc. 1].

In response to the complaint, the Romeros filed the instant Motion for Summary Judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Motion

asserts that this Court lacks subject matter jurisdiction due to the absence of complete diversity between the plaintiff and each defendant. [rec. doc. 24].

The plaintiff did not file opposition to the Motion for Summary Judgment. The plaintiff did, however, file a Motion to Stay. In his Motion to Stay, plaintiff states that he is unable to acquire legal counsel since he is currently residing at a half-way house in Atlanta, Georgia. He further alleges that he will be fully released from custody on November 25, 2014, at which time he "plan[s] on returning to Louisiana and again making it [his] permanent residence. . . ." Accordingly, Kirt requests a stay of the proceedings until January, 2015. [rec. doc. 28].

## FACTUAL BACKGROUND

Kirt filed the instant suit while residing at the FCI in Seagoville, Texas, where he was incarcerated in connection with a 2011 conviction for healthcare fraud entered by the United States District Court for the Middle District of Louisiana. The record establishes that Kirt resided in Louisiana prior to his incarceration in Texas. The property where he resided is owned by the Romeros. On June 11, 2012, the 15th Judicial District Court in Lafayette Parish, Louisiana, ordered Kirt's eviction from said property for violation of a lease agreement between Kirt and the Romeros. [*See* rec. docs. 11, 11-5 and 11-9].

In addition to his residence, the record establishes that Kirt managed the business operations of a limited liability company, Above and Beyond, LLC ("the LLC"), which he formed and registered in Louisiana. The LLC was located in and operated from Baton

Rouge, Louisiana. The LLC primarily conducted business in and around New Iberia, Louisiana. On October 13, 2011, the United States District Court for the Middle District of Louisiana convicted Kirt of healthcare fraud for actions taken in the Middle District of Louisiana. [*See* rec. doc. 11-7].

On June 25, 2014, Kirt was released from incarceration to a half-way house in Atlanta, Georgia, were he presently resides. [rec. doc. 28]. Kirt has unequivocally stated his intention to return to Louisiana and resume his permanent residence in this State when he is granted final release from custody in November, 2014. [rec. doc. 28].

## LAW AND ANALYSIS

The substance of the Romeros' Motion for Summary Judgment under Rule 56 of the Federal Rules of Civil Procedure is based, in part, on a lack of subject matter jurisdiction. For the purposes of challenging the subject matter jurisdiction of this Court, the Romeros' Motion for Summary Judgment is best construed as a Motion to Dismiss under 12(b)(1) of the Federal Rules of Civil Procedure.

Federal courts are courts of limited jurisdiction that lack the power to adjudicate claims absent jurisdiction conferred either by the Constitution or by statute. *Energy Mgmt. Servs., LLC v. City of Alexandria,* 739 F.3d 255, 257 (5th Cir. 2014) *citing Kokkonen v. Guardian Life Ins. Co. of Am.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). A federal court has subject matter jurisdiction over (1) civil cases that arise under "the Constitution, laws, or treaties of the United States[,]" or (2) civil

cases in which the amount in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. §§ 1331-1332.

Motions to dismiss filed under Rule 12(b)(1) allow a party to challenge the subject matter jurisdiction of the district court to adjudicate a case. Fed.R.Civ.P. 12(b)(1). The party asserting jurisdiction bears the burden of proof on a 12(b)(1) motion to dismiss. *Choice Inc. Of Texas v. Greenstein,* 691 F.3d 710, 714 (5th Cir. 2012) *citing Life Partners Inc. v. United States,* 650 F.3d 1026, 1029 (5th Cir.2011) and *Ramming v. United States,* 281 F.3d 158, 161 (5th Cir. 2001). Under Rule 12(b)(1), a claim is "properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate" the claim. *In re FEMA Trailer Formaldehyde Products Liability Litigation,* 668 F. 3d 281, 286 (5th Cir. 2012) *quoting Home Builders Ass'n, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir. 1998). A motion to dismiss for lack of subject-matter jurisdiction should only be granted if it appears certain that the plaintiff cannot prove any set of facts in support of his claims entitling him to relief. *Id.* at 287. A dismissal due to a lack of subject matter jurisdiction is not based on the merits and accordingly, is without prejudice. *Id.* at 286 *citing Ramming,* 281 F.3d at 161.

In considering a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, a court may evaluate (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint

supplemented by undisputed facts plus the court's resolution of disputed facts. *Id.* at 287 *citing Ramming,* 281 F.3d at 161.

Jurisdiction based upon diversity of citizenship is subject to the rule of complete diversity established by the Supreme Court in *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). Complete diversity requires that no party in a dispute is a citizen of the same state as any one party on the other side of the dispute. *Harvey v. Grey Wolf Drilling Co.,* 542 F.3d 1077, 1079 (5th Cir. 2008) *citing McLaughlin v. Mississippi Power Co.,* 376 F.3d 344, 353 (5th Cir.2004). For the purposes of jurisdiction, diversity of citizenship must exist at the time the complaint is filed. *Mas v. Perry,* 489 F.2d 1396, 1398-99 (5th Cir. 1974).

An individual is deemed to be a citizen of a state within the meaning of §1332 when he is both a citizen of the United States and a domiciliary of that state. *Id.* at 1399. "[M]ere residence in the State is not sufficient." *Id.* The concept of domicile is comprised of two elements: (1) an individual's fixed and permanent residence, and (2) his intention to maintain that residence indefinitely. *Id.*; *see also Gilbert v. David*, 235 U.S. 561, 569-570, 35 S.Ct. 164, 59 L.Ed. 360 (1915). Accordingly, a change in domicile requires a taking up of residence in a new state with the intent to remain in that state indefinitely. *Id.* A person's state of domicile presumptively continues unless rebutted with sufficient evidence of change. *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.,* 485 F.3d 793, 797-798 (5th Cir. 2007).

Likewise, in the context of incarcerated persons, courts have held that there is a rebuttable presumption that a prisoner retains his former domicile after incarceration. *See Stifel v. Hopkins*, 477 F.2d 1116, 1124 (6th Cir. 1973). Thus, a prisoner does not acquire a new domicile when he or she is incarcerated in a different state; instead, in the absence of sufficient and competent evidence to the contrary, he or she maintains his or her pre-incarceration domicile. *Purdom v. Gettleman*, 2008 WL 695258, *3 (E.D. Ky. 2008) *citing* *O'Brien v. Schweiker*, 563 F.Supp. 301, 302 (E.D. Pa.1983), *Bontkowski v. Smith*, 305 F.3d 757, 763 (7th Cir. 2002) (where the prisoner made no allegations as to his own citizenship in the pleadings, the prisoner was a citizen of the state where he resided prior to incarceration on the premise that "incarceration in a state does not make one a citizen of that state"), *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991) (determining the prisoner's domicile to be Virginia, the state in which he lived before he was incarcerated), *Gatto v. Macmillan*, 1996 WL 526854, at *1 (E.D. Pa. 1996) (prisoner was a citizen of New Jersey, where he resided before being sent to prison, not Pennsylvania, where he was incarcerated), *Tiuman v. Canant*, 1994 WL 471517, *1 (S.D. N. Y. 1994) (an inmate's domicile prior to incarceration remains his domicile for diversity purposes) and *Ronald Alexander LeBlanc Trust v. Ransom*, 276 F.Supp.2d 647 (S.D. Tex. 2003).[3]

In his Complaint, Kirt alleges this court's subject matter jurisdiction based upon the presence of complete diversity between the parties. Kirt alleges, and it is undisputed by the parties, that all of the defendants in the instant suit are domiciled in Louisiana. Kirt

---

[3] The Fifth Circuit has not yet explicitly ruled on the issue of a prisoner's citizenship.

also alleges that he was residing in Texas while incarcerated in that State. An individual's domicile for the purposes of diversity is not, however, based solely upon the individual's present residence. To the contrary, the concept of domicile is based upon state citizenship; mere temporary residence is insufficient. *See Mas, supra.*

In order to establish Texas citizenship for the purposes of diversity jurisdiction Kirt must prove residence within the State and his intent to remain in Texas indefinitely. In this case, Kirt has unequivocally stated that he intends to return to Louisiana when he is released from federal custody. He has also unequivocally stated his intention to make Louisiana his permanent home upon release. Given his expressly stated intentions, it is clear that Kirt was never a citizen or domiciliary of Texas. This finding is bolstered by the fact that since the filing of the instant lawsuit, Kirt was transferred to Georgia. Thus, Kirt never established a fixed and permanent residence in Texas, nor can he demonstrate that he had any intention of maintaining residence in Texas.

This determination does not, however, end the jurisdictional analysis. Additional analysis is required to determine Kirt's actual place of domicile. The undisputed facts in the record indicate that, prior to his incarceration, Kirt was domiciled in Louisiana. He continuously resided in Louisiana until his 2011 relocation to federal custody in Texas. While residing in Louisiana, Kirt organized an LLC in Louisiana with its registered office in Baton Rouge. Kirt listed himself as the registered agent of the LLC. He managed a business associated with the LLC that primarily operated in New Iberia, Louisiana. Kirt was convicted of healthcare fraud by the United States District Court for the Middle

District of Louisiana for actions associated with operation of the business in the Middle District of Louisiana. Thus, the reality of Kirt's Louisiana citizenship is clear from his longtime residence, business activities and stated intent to return to Louisiana after his release.

Further, Kirt offers no evidence of a change in his domicile beyond his allegation of jurisdiction in the original complaint. To the contrary, Kirt has expressly indicated his intention to return to Louisiana after his release from custody, thereby confirming his citizenship in the State of Louisiana. Thus, Kirt has failed to overcome the presumption that a prisoner does not acquire a new domicile when he or she is incarcerated in a different state, but rather, maintains his pre-incarceration domicile. *See Stifel* and *Purdom, supra.* (and cases cited therein).

Based on the foregoing, the undersigned finds that diversity of citizenship between the parties is lacking. Therefore, it is recommended that the defendants' Motion for Summary Judgment [rec. doc.24] be construed as a Motion to Dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure**,** and that the Motion, as construed, be **GRANTED**, and accordingly, this lawsuit be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A

party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglas v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Signed this 11th day of August, 2014, at Lafayette, Louisiana.

*[signature]*
C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE

Copy sent: RFD
On: 8/11/2014
By: MBD